CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
NOV 29 2012
LODGED_____REC'D_____
PAID_____DOCKETED_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

IN RE ) Bankruptcy Case
) No. 09-61155-fra13
JEFFREY PHILLIP WILSON and )
SHEILA MARIE WILSON, )
) MEMORANDUM[1]
Debtors. )

Alan G. Seligson, attorney for the Debtors, has applied for an order awarding legal fees and expenses for services performed after the Debtors' plan of reorganization was confirmed. The Debtors object, arguing that the total fees charged in the case are excessive. I have considered the parties' positions and reviewed the record in this case, and find that the attorney's application should be allowed.

The history of the case is somewhat convoluted. The petition for relief was filed on March 19, 2009. Accompanying the petition was an attorney's disclosure of compensation (Docket #4) stating that the Debtors and the attorney had agreed on an estimated total fee of $4,000.

By the time the Debtors' plan came up for confirmation in September of 2009, the actual fees accrued were considerably higher. On September 2, 2009, Mr. Seligson submitted a statement showing total fees and expenses of $8,862.54. Seven hundred ninety-nine dollars ($799.00) had been paid pre-petition, leaving a balance of $8,063.54.

---

[1] This disposition is not intended for publication.

Page 1 - MEMORANDUM

The order confirming the plan made no provision for attorney's fees, and noting that the award was "to be determined at a later hearing." The matter came on for hearing on October 6, 2009. The minute order from that hearing indicates that counsel's fees were "allowed as applied for," which the Court takes to mean that fees and costs were awarded in the net sum of $8,863.54.

Since the fee award on October 6, 2009, counsel has received from the Trustee payments totalling $7,475.00, leaving a balance due at the time of the present motion of $588.54.

Counsel now seeks fees for services rendered from September 2, 2009 through October 15, 2012 totalling $1,847.00, plus $8.58 in recoverable expenses. I have reviewed the application, which reflects a considerable amount of activity involving such diverse matters as late fees at a credit union, preparation of Debtor Sheila Wilson's wage order, incorrect application by the Trustee of payments to another credit union, a conference with Debtors regarding post-petition collection efforts by a debt collector, review of unfiled claims, review of tax returns, consultation with the parties regarding their domestic relations, and so on. I do not find any of the charges to be excessive or unreasonable, and find that the attorney should be awarded the amount claimed.

It should be noted that I limit my review to the claims made for services rendered after the Court's October 7, 2009 order.

To summarize: supplemental fees and expenses are awarded in the sum of $1,855.58. With this award, the total due to complete the Chapter 13 case is $2,444.12, less any fees paid to the attorney after October 16, 2012.

The foregoing constitutes the Court's findings of fact and conclusions of law. Mr. Seligson shall submit a form a order consistent with the foregoing.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

cc: Mrs. Sheila Wilson
    Mr. Jeffrey Wilson
    Ms. Andrea Breinholdt
    Mr. Alan Seligson

Page 2 - MEMORANDUM